## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## NORTHERN DIVISION

| | | |
|---|---|---|
| CHAN SUN CHUNG | ) | |
| | ) | CIVIL ACTION |
| **Plaintiff,** | ) | FILE NO._____ |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **LG HAUSYS AMERICA, INC.** | ) | |
| **and MICHAEL KOH,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff, Chan Sun Chung ("Plaintiff"), by and through his counsel, Brian Kim, files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendants for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Chan Sun Chung, the named Plaintiff in this action, ("Plaintiff") is an individual who resided in the Northern District of Georgia during all relevant times.

3.

Defendant LG Hausys America, Inc. ("LG") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Fulton County, Geoergia.

4.

Defendant LG can be served by delivering a copy of summons and complaint to its registered agent, Corporation Service Company, at 40 Technology Parkway Southsuite 300, Ben Hill, Norcross, GA 30092, as found in the Government Records at Georgia Secretary of State website.

5.

Defendant LG is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the

meaning of FLSA, 29 U.S.C. § 203(s)(1), 206, and 207.

6.

Defendant LG is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

7.

According to www.lghausys.com, Defendant LG is a subsidiary of "LG Group," which owns 62 companies with $150 Billion revenue.

8.

According to www.lghausys.com, Defendant LG specializes in windows and curtain walls, interior materials, automotive material, and high performance material parts backed by approx. 4,270 employees across the world.

9.

Defendant Michael Koh ("Koh"), an individual, can be served by delivering a copy of summons and complaint to him at 900 Circle 75 Parkway Suite 1500, Atlanta, GA 30339.

10.

The Defendant Koh is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

11.

Defendant Koh acted directly or indirectly in the interest of LG in LG's relation to Plaintiff.

12.

Defendant Koh controlled Plaintiff's work schedules and conditions of employment.

13.

Defendant Koh determines the rate and method of payment for Plaintiff .

14.

At all times relevant to this action, Defendant LG oversaw and had the responsibility for maintaining employment records of Plaintiff.

15.

Defendant Koh is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

## **Jurisdiction**

16.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## Venue

### 17.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in Fulton County, Georgia, which is within this judicial District.

## Facts

### 18.

Plaintiff is a former employee of Defendant LG. and Defendant Koh ("Defendants").

### 19.

Plaintiff is a former employee of Defendant Koh.

### 20.

From June 6, 2016 to September 7, 2016, Plaintiff was employed by Defendant LG.

### 21.

During relevant time hereto, Defendant Koh was Plaintiff's direct supervisor.

22.

Throughout Plaintiff 's employment with Defendants, Plaintiff was employed as a technical manager, and his primary duties included polishing and cleaning sample products, cleaning molds with acetone, cleaning slaps, and placing film in molds.

23.

Plaintiff's primary duty did not include works requiring exercise of discretion and judgment.

24.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

25.

Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff annual salary of $80,000.00.

26.

Plaintiff's salary was intended to compensate forty (40) hours of work per week.

27.

During the relevant time hereto, Plaintiff worked a total of 139.82 hours of overtime, that is, the hours he worked in addition to his normal forty (40) hours per week.

28.

While employed by Defendants, Plaintiff's work schedule was controlled by Defendants.

29.

Defendants required Plaintiff to consistently work more than forty (40) hours per week. Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

30.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for his work in excess of forty hours in a workweek.

## CLAIM FOR RELIEF

### Violation of FAIR LABOR STANDARD ACT (FLSA)

31.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

32.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

33.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times their regular hourly rate of pay for their overtime work.

34.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

35.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

36.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $8,00.44 or such other amount to be determined at trial.

37.

Defendants, jointly and severally, owe the Plaintiff overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

38.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Plaintiff against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff against Defendant, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

7. Such other, further and different relief as this Court deems appropriate.

This 10th day of April, 2017.

By: */s/ Brian G. Kim*
Brian G Kim
Georgia. Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@leonandkim.com

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

This 10th day of April, 2017.

By: */s/ Brian G. Kim*
Brian G Kim
Georgia. Bar No. 479330

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile: 404.878.4208
E-Mail: brian@leonandkim.com