IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHAN SUN CHUNG, )<br>    Plaintiff, )<br>                              )<br>    v.                        )<br>                              )<br>LG HAUSYS AMERICA, INC. and )<br>MICHAEL KOH,                  )<br>    Defendants.               ) | CIVIL ACTION NO.<br>1:17-CV-01288-TWT |

**CONSENT ORDER APPROVING
SETTLEMENT AND DISMISSING THE CASE WITH PREJUDICE**

By consent of the Parties hereto, and the Court having reviewed the ***Revised*** *Settlement Agreement and Release* ("Agreement") executed by the Parties, and being otherwise fully advised, it is therefore ORDERED AND ADJUDGED as follows:

1.      The Court hereby approves the attached Agreement submitted by the Parties in this case;

2.      This lawsuit is hereby DISMISSED WITH PREJUDICE with the Parties to bear their own attorneys' fees and costs (except as set forth in the Agreement); and

3.      The Court retains jurisdiction for thirty (30) days to enforce the Parties' Agreement.

DONE AND ORDERED on this 5th day of October, 2017.

**/s/Thomas W. Thrash**
Thomas W. Thrash, Jr.
United States District Court Judge

WSACTIVELLP:9353466.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHAN SUN CHUNG,<br><br>Plaintiff,<br><br>v.<br><br>LG HAUSYS AMERICA, INC. and<br>MICHAEL KOH,<br><br>Defendants. | CIVIL ACTION NO.<br>1:17-cv-01288-TWT |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.  This Settlement Agreement and General Release ("Agreement") is entered into by and between Plaintiff Chan Sun Chung ("Chung"), and Defendant LG Hausys America, Inc. ("LG") and Defendant Michael Koh ("Koh") (collectively, "Defendants"), on their own behalf and on behalf of their past and present parents, subsidiaries and affiliates, and their past and present predecessors, successors, assigns, representatives, officers, directors, agents, and employees.

2.  **Non-Admission**. This Agreement does not constitute an admission by Defendants of any violation of any law or statute, and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.  Chung filed the instant lawsuit entitled *Chan Sun Chung v. LG. Hausys America, Inc. and Michael Koh*, in the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-cv-01288-TWT, under the Fair Labor Standards Act ("FLSA"). Chung and Defendants desire fully and finally to resolve this litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Chung against Defendants relating to any alleged conduct, pay practices, actions, or events occurring at any time prior to and including the date on which this Agreement is executed. Chung represents that no other charges, actions, or claims are pending on his behalf, other than those set forth in this paragraph.

1

4. **Settlement Payment**. In consideration for signing this Agreement and the fulfillment of the promises herein, Defendants agree to pay Chung the total sum of TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00). This payment is inclusive of all claims for attorneys' fees and expenses. The payment will be made, within fourteen (14) business days after Defendants receive the original Agreement as executed by Chung, the Court dismisses the lawsuit, and Defendants' receipt of W-9's executed by Chung and Brian Kim, PC, as follows:

(a) **Payment to Chung for Claims for Lost Wages**. Defendants agree to pay Chung, designated as payment for claims for lost wages, the sum of THREE THOUSAND DOLLARS AND ZERO CENTS ($3,000.00), less all applicable withholding taxes and payroll deductions. Chung will be issued an IRS Form W-2 for this amount.

(b) **Payment to Chung for Claims of Liquidated Damages**. Defendants agree to pay Chung, designated as payment for liquidated damages, the sum of THREE THOUSAND DOLLARS AND ZERO CENTS ($3,000.00). Chung will be issued an IRS Form 1099 for this amount.

(c) **Payment to Chung made payable to Chung's Attorney**. Defendants agree to pay the sum of FOUR THOUSAND DOLLARS AND ZERO CENTS ($4,000.00), in a check made payable to Chung's attorneys, Brian Kim, PC. Brian Kim, PC will be issued an IRS Form 1099 for this amount. **Chung and Defendants are specifically aware of, and agree with, the amount of attorneys' fees and costs to be paid to Chung's counsel for representing Chung's interests in this matter.**

Chung acknowledges that the payment of the monies by Defendants identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to him at the time of execution of this Agreement and that he sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Chung agrees that upon receipt of the settlement funds described in Paragraph 4 above, his claims raised in this action will be moot.

5. **Review of the Court.** The Parties further request that the Court review and approve this Agreement and that the Court, accordingly, dismiss, with prejudice, the above-styled lawsuit, presently pending in the United States District Court for the Northern District of Georgia, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and

entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void, ab initio.

6. **Mutual Waiver and Release of Claims**.  In exchange for mutual releases as consideration, Chung, on his own behalf, Chung's descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever releases and discharges Defendants, their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees ("Releasees"), from any and all claims and rights of any kind that Chung may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Chung's employment with Defendant LG as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees.  Chung represents that he knows of no claim that Chung has that has not been released by this paragraph.  In exchange for Chung's General Release of Defendants, described herein, Defendants agree to release Chung from any and all claims or counterclaims related to Chung's employment with Defendant LG that arose or could have arisen prior to the date of the execution of this Agreement.

7. **Non-Interference.**  Nothing in this Agreement shall interfere with Chung's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency.  However, the consideration provided to Chung in this Agreement shall be the sole relief provided to Chung for the claims that are released by him herein and Chung will not be entitled to recover and agrees to waive any monetary benefits or recovery against Defendants in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

3

8. **Payment of Applicable Taxes**. Chung is and shall be solely responsible for all federal, state, and local taxes that may be owed by Chung by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Chung agrees to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Chung under this Agreement unless such liability is caused by an action or inaction of Defendants.

9. **Transfer of Claims**. The Parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. The Parties each agree to indemnify and hold the others harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action, or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit any Party from entering into this Agreement.

10. **No Future Employment.** Chung agrees and recognizes that his relationship with Defendant has been permanently and irrevocably severed. Chung hereby understands and agrees that he will not be re-employed by Defendant LG or any of its related entities in the future and that Chung will never knowingly apply to for any job or position in the future. Chung agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Defendant LG or its related entities, the offer may be withdrawn and Chung may be terminated without notice, cause, or legal recourse.

11. **Non-Disparagement and Incitement of Claims**. The Parties agree that they will not make or cause to be made any statements that disparage or damage the reputation of the other or their related entities. Chung also agrees that he will not encourage or incite other current or former employees of Defendant LG to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Defendants or their related entities.

12. **Chung is Not Prevailing Party**. Chung shall not be considered a prevailing party in this action for any purpose.

13. **Breach**. The Parties acknowledge that if either materially breaches or threatens to materially breach this Agreement, and/or commences a suit or action or

4

complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease and the aggrieved Party shall be entitled to all other remedies allowed in law or equity, specifically including liquidated damages. The prevailing party in such an action is entitled to attorneys' fees and costs. The Parties agree that they shall request that the District Court for the Northern District of Georgia retain jurisdiction over any action arising under this paragraph. If the District Court refuses jurisdiction, the Parties agree that such action may be filed in any Georgia state court of competent jurisdiction. Chung and Defendants hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of this Agreement or otherwise related to his employment with Defendants.

14. **Entire Agreement**. This Agreement contains the entire agreement and understanding between Chung and Defendants with respect to any and all disputes or claims that Chung has, or could have had, against Defendants as of the date this Agreement is executed, and supersedes all other agreements between Chung and Defendants with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Chung and Defendants.

15. **Severability**. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

16. **Parties' Acknowledgement. The Parties acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Chung also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised**

5

to do so by Defendants; and (b) that Chung has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Chung's attorney's advice. Chung acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Chung acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of his individual benefits that may have been provided by Defendants, including but not limited to, retirement benefits. Chung further represents and agrees that he fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

17. **Headings**. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

18. **Execution**. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE: 9/27/2017          Signature: _____
                                   CHAN SUN CHUNG – PLAINTIFF

DATE:_____       Signature:_____
                                   LG HAUSYS AMERICA,
                                   INC. – DEFENDANT

DATE:_____       Signature:_____
                                   MICHAEL KOH –
                                   DEFENDANT

WSACTIVELLP:9300394.1

to do so by Defendants; and (b) that Chung has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or Chung's attorney's advice. Chung acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Chung acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of his individual benefits that may have been provided by Defendants, including but not limited to, retirement benefits. Chung further represents and agrees that he fully understands all of the provisions of this Agreement, and that he is voluntarily entering into this Agreement.

17. **Headings**. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

18. **Execution**. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE:_____        Signature:_____
                             CHAN SUN CHUNG – PLAINTIFF

DATE: 9/27/17               Signature: [signature]
                             LG HAUSYS AMERICA, INC. – DEFENDANT

DATE: 9/27/2017             Signature: [signature]
                             MICHAEL KOH – DEFENDANT

WSACTIVELLP:9300394.1